UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DEMETRIUS BROWN,                                      :
                                                     :
                    Plaintiff,                       :        Civ. No. 11-4421 (RBK) (AMD)
                                                     :
        v.                                           :        **OPINION**
                                                     :
DONNA ZICKEFOOSE, et al.,                            :
                                                     :
                    Defendants.                      :
_____             :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a former federal prisoner who was previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  Plaintiff has been released from federal incarceration since initially filing this action.  He is proceeding *pro se* with a proposed second amended complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  His original complaint was dismissed predominantly with prejudice for failure to state a claim upon which relief could be granted except for a few claims that were dismissed without prejudice. Plaintiff's first amended complaint was also dismissed, but plaintiff was given the opportunity to file a second amended complaint on the claims that were dismissed without prejudice.

Plaintiff has filed an application to reopen this action and has included a proposed second amended complaint.  Therefore, the Clerk will be ordered to reopen this case and file the second amended complaint.  At this time, the Court must review the proposed complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a

1

defendant who is immune from suit.[1]  For the following reasons, the complaint will be permitted

to proceed in part.

## II.       BACKGROUND

The allegations of the second amended complaint will be construed as true for purposes

of this screening.  Plaintiff names Donna Zickefoose, the former warden of F.C.I. Fort Dix, as a

defendant in this case as well as unknown other Federal Bureau of Prisons ("BOP") officials.

On December 21, 2009, this Court dismissed a habeas petition that plaintiff had filed

pursuant to 28 U.S.C. § 2241.  *See Brown v. Grondolsky*, No. 08-6367, 2009 WL 5206131

(D.N.J. Dec. 21, 2009).  This Court determined that plaintiff's habeas action should be brought

as a § 2255 motion in the District of Minnesota such that this Court lacked jurisdiction to

consider the § 2241 petition.  On January 25, 2009, the Clerk docketed plaintiff's notice of

appeal in his § 2241 habeas case.[2]

On January 29, 2009, plaintiff alleges that he was taken into administrative detention at

F.C.I. Fort Dix, and then subsequently transferred on February 4, 2010 to MDC – Brooklyn.

Plaintiff states that this transfer was contrary to Federal Rule of Appellate Procedure 23(a).

Plaintiff alleges that this rule disallowed inmate transfers while an appeal is pending.  He further

claims that he was denied access to his legal materials to prepare his appeal.  Plaintiff argues that

he would have won his appeal in the Third Circuit had he had access to his legal materials.

---

[1] The screening provisions of § 1915A still apply in this case despite plaintiff's release from federal incarceration as the need for a district court to screen a complaint in a civil action filed by a prisoner looks to plaintiff's status when the case is filed.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (citing *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997)).  In this case, plaintiff was a prisoner when he initiated this action.

[2] The Third Circuit ultimately affirmed this Court's decision that dismissed the habeas petition. *See Brown v. Grondolski*, 392 F. App'x 905 (3d Cir. 2010) (per curiam).

Plaintiff raises three claims in his second amended complaint:  (1) retaliation; (2) denial of access to courts; and (3) conspiracy.  He requests monetary damages and injunctive relief.

### III.   STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity.  *See* 28 U.S.C. § 1915A(a).  Section 1915A(b) directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b).

Under *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

B.  *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983.  *See Walker v. Zenk*, 323 F. App'x 144, 145 n. 1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir.

---

[3] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."  *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

2004)).  In order to state a claim under *Bivens*, a plaintiff must allege:  (1) a deprivation of a right

secured by the Constitution or laws of the United States; and (2) that the deprivation of the right

was caused by a person acting under color of federal law.  *See Couden v. Duffy*, 446 F.3d 483,

491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages

against any person who, acting under color of state law, deprives another individual of any

rights, privileges, or immunities secured by the United States Constitution or federal law," and

that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*,

No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has

recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought

against state officials' and thus the analysis established under one type of claim is applicable

under the other.") (internal quotation marks and citations omitted).

## IV.    DISCUSSION

### A.  Retaliation Claim

Plaintiff alleges that Zickefoose knowingly and intentionally retaliated against him for

exercising his rights under the First Amendment by filing his habeas petition.  Plaintiff

specifically alleges that Zickefoose was named as an appellee when he filed his appeal on

January 21, 2009, only a few days prior to when he was transferred out of F.C.I. Fort Dix.

> "A prisoner alleging retaliation must show (1) constitutionally
> protected conduct, (2) an adverse action by prison officials
> sufficient to deter a person of ordinary firmness from exercising
> his constitutional rights, and (3) a causal connection between the
> exercise of his constitutional rights and the adverse action taken
> against him."

*Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (per curiam) (quoting *Mitchell v. Horn*, 318

F.3d 523, 530 (3d Cir. 2003)).

At this early screening stage, the Court will permit plaintiff's retaliation claim to proceed against Zickefoose.  Plaintiff's § 2241 habeas filing and subsequent appeal are constitutionally protected conduct.  *See, e.g.*, *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997) (noting that an individual's constitutional right of access to the court is protected by the First Amendment).  Additionally, transferring a prisoner to another prison and placing him in administrative custody are examples of adverse actions.  *See Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001) (prison transfer); *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (administrative custody).  Thus, plaintiff has sufficiently pled the second element of stating a retaliation claim.

Furthermore, the Court finds that plaintiff has adequately pled a causal link.  In alleging the third element of a retaliation claim, a plaintiff must allege that the constitutionally protected conduct was a substantial or motivating factor for the adverse response.  *See Velasquez v. Diuglielmo*, 516 F. Ap'x 91, 95 (3d Cir. 2013) (per curiam) (citing *Carter v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002); *Rauser*, 241 F.3d at 333)).

> To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff (here, a prisoner) usually has to prove one of two things:  (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link.  *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).  If neither of these showings is made, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation."  *Id.*

*DeFranco v. Wolfe*, 387 F. App'x 147, 154 (3d Cir. 2010).  While temporal proximity is relevant in First Amendment retaliation cases, *see Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 494 (3d Cir. 2002) (citing *Rauser*, 241 F.3d at 334), "'[t]he mere passage of time is not legally conclusive proof against retaliation.'"  *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 302 (3d Cir. 2007) (quoting *Robinson v. Southeastern Pa. Transp. Auth.*, 982 F.2d 892, 894 (3d Cir.

1993)) (other citation omitted).  The Court notes the close temporal proximity between plaintiff's

placement in administrative custody and his prison transfer to the filing of his appeal in his

habeas action that named Zickefoose as the appellee.  This claim shall be permitted to proceed as

plaintiff has alleged the requisite elements of a retaliation claim against Zickefoose.

However, this does not end the inquiry on this claim as plaintiff also indicates that he

wishes to bring his retaliation claim against "other known and unknown Bureau of Prison

Officials."  Besides Zickefoose, who plaintiff alleges was named as an appellee in his habeas

appeal, the complaint lacks allegations that the other known and unknown BOP officials that he

is raising this claim against knew of his habeas filing and appeal.  The fact that plaintiff does not

allege that these unnamed officials had knowledge of his protected First Amendment activity

warrants a finding that he failed to allege the requisite causal connection against these unnamed

officials.  *Accord Jordan v. Hastings*, No. 12-7932, 2013 WL 3810577, at \*4 (D.N.J. July 22,

2013) (finding that plaintiff failed to allege causal connection to sustain retaliation claim where

he failed to allege that defendants had knowledge of his constitutionally protected activity);

*Griffin-El v. Beard*, No. 06-2719, 2013 WL 228098, at \*5 (E.D. Pa. Jan. 22, 2013) ("[A]

defendant may not be held liable for retaliation absent evidence sufficient to show that the

defendant knew of the plaintiff's protected activity.") (citing *Laskaris v. Thornburgh*, 733 F.2d

260, 265 (3d Cir. 1984); *Booth v. King*, 228 F. App'x 167, 172 (3d Cir. 2007); *Jacobs v. Pa.

DOC*, No. 04-1366, 2009 WL 3055324, at \*5 (W.D. Pa. Sept. 21, 2009)).  Thus, the retaliation

claim will be dismissed without prejudice against the unnamed officials for failure to state a

claim upon which relief may be granted.

B. <u>Access to Courts Claim</u>

Plaintiff has also raised an access to courts claim.  He claims that he was denied access to his legal materials while in administrative detention and was without access to his legal materials while he was being detained at MDC – Brooklyn.  He asserts that had he had access to his legal materials he would have won the Third Circuit appeal that affirmed the dismissal of his § 2241 habeas petition.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> In this case, the defendants confiscated all of the plaintiffs' contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes.  In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike.  That claim, on its face, was insufficient to state a claim under *Harbury*.  So too were their

7

> subsequent amendments, which alleged that they lost the
> opportunity to pursue attacks of their convictions and civil rights
> claims but did not specify facts demonstrating that the claims were
> nonfrivolous.  Nor did they maintain that they had no other remedy
> to compensate them for their lost claims.  Even liberally construing
> their complaints as we must do for *pro se* litigants, they do not
> sufficiently allege that they have suffered an actual injury.

536 F.3d at 206 (internal citation and footnote omitted).

Plaintiff fails to describe the underlying arguable claims that he was prevented from

raising due to his placement in administrative custody and subsequent transfer to MDC –

Brooklyn.  Therefore, pursuant to the pleading standards set forth above, plaintiff's access to

courts claim will be denied without prejudice due to a failure to state a claim upon which relief

may granted.

Plaintiff also invokes Federal Rule of Appellate Procedure 23(a) in his second amended

complaint.  That rule states as follows:

> Pending review of a decision in a habeas corpus proceeding
> commenced before a court, justice, or judge of the United States
> for the release of a prisoner, the person having custody of the
> prisoner must not transfer custody to another unless a transfer is
> directed in accordance with this rule.  When, upon application, a
> custodian shows the need for a transfer, the court, justice, or judge
> rendering the decision under review may authorize the transfer and
> substitute the successor custodian as a party.

FED. R. APP. P. 23(a).  Plaintiff's citation to this rule notwithstanding, plaintiff's due process

rights were not violated by the transfer.  Indeed, the transfer, in and of itself, implicated no

protected liberty interest.  *See Hairston v. Nash*, 165 F. App'x 233, 234 (3d Cir. 2006) (per

curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 247-48 (1983)).  Furthermore, as stated

above, plaintiff failed to state an access to courts claim as a result of the transfer since he failed

to allege an actual injury.

C.  Conspiracy

Plaintiff also attempts to assert a conspiracy claim.  He claims that Zickefoose and

unnamed BOP officials "did knowingly and intentionally conspire to retaliate and deny

Demetrius Brown access to the court by transferring him to other prisons within the association

of Wardens following his filing of appeals as in order to disrupt, encumber, or frustrate his effort

to seek judicial review[.]"  (Dkt. No. 10-2 at p. 8-9.)  To make out a *Bivens* conspiracy claim,

"the plaintiff must 'make specific factual allegations of a combination, agreement, or

understanding among all or between any of the defendants to plot, plan or conspire to carry out

the alleged chain of events' to deprive the plaintiff of a federally protected right."  *Lanin v.

Borough of Tenafly*, No. 12-2725, 2014 WL 31350, at *5 (D.N.J. Jan. 2, 2014) (quoting

*Figueroa v. City of Camden*, 580 F. Sup. 2d 390, 402 (D.N.J. 2008) (citing *Fioriglio v. City of

Atlantic City*, 996 F. Supp. 379, 385 (D.N.J. 1998), *aff'd* 185 F.3d 861 (3d Cir. 1998); *Green v.

City of Paterson*, 971 F. Supp. 891, 909 (D.N.J. 1997), *aff'd* 770 F.2d 1070 (3d Cir. 1985))); *see

also Toolasprashad v. Wright*, No. 02-5473, 2006 WL 2264885, at *5 (D.N.J. Aug. 8, 2006)

("To state a [conspiracy] claim under *Bivens*, a plaintiff must 'establish (1) the existence of an

express or implied agreement among the defendant officers to deprive him of his constitutional

rights, and (2) an actual deprivation of those rights resulting from that agreement.'") (quoting

*Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991)).

Plaintiff fails to state a claim that the defendants conspired to prevent his access to the

courts because he has not alleged an actual access to courts deprivation for the reasons described

above.  Furthermore, plaintiff also fails to state a claim that the defendants conspired to retaliate

against him.  The complaint fails to allege an agreement between Zickefoose and any of the

unnamed John Doe defendants to deprive him of his constitutional right to be free from First

Amendment retaliation.  As previously described, the second amended complaint is also devoid

of any allegations that the unnamed defendants had any knowledge of the protected First

Amendment activity.  Accordingly, the conspiracy claim will be dismissed without prejudice for

failure to state a claim upon which relief may be granted.

    D.  Temporary Restraining Order

       Plaintiff has also requested a temporary restraining order.  More specifically, plaintiff

"requests that the court issue an [sic] temporary restraining order against the United States

Probation Department, its officers and/or agents including Tracy Kosmas from committing acts

of retaliation as part of the pattern of causal link already established by the agencies of the

United States while Plaintiff has been under service of a criminal justice sentence, i.e.,

imprisonment and now supervised release."  (Dkt. No. 10-2 at p. 12.)

       To secure the extraordinary relief of a temporary restraining order ("TRO"), a petitioner

must demonstrate that "'he is likely to succeed on the merits; (2) denial will result in irreparable

harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4)

granting the injunction is in the public interest.'"  *Barber v. Sharp*, No. 10-5286, 2011 WL

2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184; *Ballas*

*v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999)).  A plaintiff "must establish that all four

factors favor preliminary relief."  *Barber*, 2011 WL 2223651, at *15 (citing *Opticians Ass'n of*

*Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

       Plaintiff's request for a TRO will be denied.  The complaint is devoid of any allegations

against the Probation Department and Tracy Kosmas or how they are purportedly retaliating

against plaintiff.  Instead, the retaliation allegations were solely related to the period of time that

plaintiff was in federal incarceration.  As previously stated, plaintiff is no longer in federal

incarceration.  Therefore, he fails to show how he is entitled to a TRO against the Probation

Department and Kosmas.

## V.    CONCLUSION

For the foregoing reasons, plaintiff's retaliation claim will be permitted to proceed

against Zickefoose only.  Plaintiff's access to courts and conspiracy claims will be denied

without prejudice.  His request for a TRO will also be denied.  An appropriate order will be

entered.


DATED:  April 10, 2015

                                      s/Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge